IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:08-CV-009-FL

| | |
|---|---|
| JAMES E. BURNETTE, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), (DE ## 15 & 17), and plaintiff's timely objection to the memorandum and recommendations ("M&R") entered by United States Magistrate Judge Robert B. Jones, Jr. In this posture, the matter is ripe for ruling. For the reasons that follow, the court denies plaintiff's objections to the M&R and adopts the findings in the M&R upholding the Commissioner's decision denying benefits.

## STATEMENT OF THE CASE

Plaintiff filed his application for a period of disability, Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") payments on November 19, 2003, alleging disability beginning May 15, 1996. (R. at 62-64.) Plaintiffs' claims were denied initially and upon reconsideration. (R. at 20.) A video hearing was held before an administrative law judge ("ALJ") on November 2, 2005, at which plaintiff appeared and was represented by an attorney. (Id.) In opinion dated March 31, 2006, the ALJ found plaintiff not disabled. (Id. at 27.) Plaintiff sought and was denied review by

the Appeals Council, making the ALJ's opinion defendant's final decision on the matter. (R. at 5.) On March 11, 2008, plaintiff filed the instant action seeking judicial review of defendant's determination that he is not disabled for purposes of the Social Security Act.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing the final decision of the Commissioner is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. In addressing a plaintiff's objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

### B. Analysis

Plaintiff lodges five objections to the magistrate judge's findings in the M&R, essentially arguing all of the same points originally raised in his motion for judgment on the pleadings. First, plaintiff contends that the magistrate judge erred in rejecting his arguments that the ALJ improperly evaluated and rejected the opinion of a treating physician that found plaintiff had marked

2

impairments in several areas. Second, plaintiff argues that magistrate improperly rejected his argument that the ALJ erred by failing to discuss all the relevant evidence in his opinion because he did not discuss the report of Dr. Dana Blackmer. Third, plaintiff lodges two attacks against the magistrate's findings regarding ALJ's determination of plaintiff's residual functional capacity ("RFC"). Plaintiff argues that the ALJ committed reversible error by stating plaintiff's RFC in minimum terms, instead of maximum terms. And plaintiff argues that the RFC was improperly based on a question posed to the vocational expert ("VE") that incorporated "vague" limitations. Finally, plaintiff contends that the magistrate incorrectly found that the ALJ did not fail to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). After thorough consideration of the magistrate judge's thoughtful, well-written opinion, and *de novo* review of the relevant facts and case law, this court finds that none of plaintiff's objections are well-taken.

Plaintiff's first objection to the M&R is that the magistrate judge erred in finding that the ALJ did not err in his evaluation and rejection of the opinion of plaintiff's treating psychologist, Dr. Esther Lyons. Specifically, plaintiff argues that the ALJ improperly afforded little weight to Dr. Lyons's medical statement dated May 17, 2005, that found plaintiff to have "marked" and "extreme" impairment in a variety of work-related areas. The ALJ noted that the May 17, 2005 medical statement contrasted with Dr. Lyons's earlier treatment notes that found that claimant had decreased anxiety and decreased depression. He further found that the medical statement apparently relied more on the claimant's own allegations than on Dr. Lyons's own objective findings.

Where a treating physician's opinion is consistent with other substantial evidence and is supported by medically acceptable clinical and laboratory diagnostic techniques, it will be given

3

controlling weight. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). However, where a treating physician's opinion is inconsistent with other substantial evidence, it may be accorded significantly less weight. See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); see also Underwood v. Astrue, 2008 U.S. Dist. LEXIS 80347 (W.D. Va. Oct. 10, 2008) (citing Craig and noting that 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), now require controlling weight be given to treating physicians opinions when those opinions are consistent with substantial evidence in the case). Further, "[a]n ALJ's assessment of a physician's opinion (whether treating or consulting) will generally not be disturbed 'absent some indication that the ALJ has dredged up specious inconsistencies or has not given good reason for the weight afforded a particular opinion.'" Munson v. Astrue, 2008 U.S. Dist. LEXIS 100273, 5-6 (E.D.N.C. Dec. 8, 2008) (quoting Koonce v. Apfel, No. 98-1144, 1999 U.S. App. LEXIS 307, 1999 WL 7864, at *2 (4th Cir. Jan. 11, 1999) (per curiam)). Here, the ALJ found valid inconsistency between the treating physician's own records noting that plaintiff experienced improvements in his impairments after treatment and a statement she later provided finding plaintiff suffered from "extreme" or "marked" limitations across all work functioning areas. Plaintiff argues that there is no inconsistency between within Dr. Lyons's various reports and statements, because Dr. Lyons only indicated that plaintiff was stable and not that he could return to work.

Plaintiff's arguments here are without merit. The ALJ gave the May 17, 2005 medical statement by Dr. Lyons little weight because it was not in accord with her earlier treatment notes. Those notes found first, *inter alia*, that plaintiffs concentration, judgment and insight were poor and his mood depressed. (R. at 201, 226.) However, his thoughts were coherent and he "answered questions in a goal directed manor." [sic] (Id.) Plaintiff's speech was "of a normal quality and quantity," and he was alert and oriented to his surroundings. (Id.) In subsequent evaluations, Dr.

4

Lyons found that plaintiff felt better on his medications and that he reported "increased sleep, decreased anxiety, and much decrease in depression." (R. at 224.) On another occasion, plaintiff reported that he was "doing well," and Dr. Lyons noted "his mood is level and affect is mildly constricted," and that his thoughts were "coherent and organized." (R. at 223.) However, in the May 17, 2005 statement, Dr. Lyons reported plaintiff suffered from "marked" difficulty in social functioning and either "extreme" or "marked" impairment for virtually every psychiatric-related work limitation.[1] Based on these records, this court finds that there was substantial evidence supporting the ALJ's determination that Dr. Lyons's May 17, 2005 medical statement did not deserve full weight.[2] As a result, plaintiff's objection on this issue is overruled.

In plaintiff's next objection, he renews his contention that the ALJ erred by failing to discuss all the relevant evidence in his opinion. The purported omission here is a report in which Dr. Dana Blackmer diagnosed plaintiff with major depression, alcohol dependence, and an unspecified personality disorder. Defendant is required by law to "consider all evidence" in a claimant's case record in making a disability determination. See 20 CFR §§ 404.1520(a)(3), 416.920(a)(3).

---

[1] The court notes that Dr. Lyons's findings were also inconsistent with other findings in the report, most notably an assessment by Dr. Elizabeth Anton which found plaintiff to be "moderately limited" in only six of twenty areas evaluated. (R. at 172-74.)

[2] Plaintiff also argues that the ALJ improperly speculated in his rejection of Dr. Lyons's medical statement that Dr. Lyons was relying on plaintiff's subjective allegations than on her own objective findings. However, the ALJ found that Dr. Lyons's medical statement was contradicted by other objective evidence. As the case quoted by plaintiff in this objection notes, "an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright *only on the basis of contradictory medical evidence* and not due to his or her own credibility judgments, speculation or lay opinion." McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) (emphasis added). Plaintiff's argument here is misplaced. The record makes clear that the ALJ afforded Dr. Lyons's medical statement little weight because it contradicted with her other medical notes. To the extent that the ALJ also relied on a speculative credibility assessment, that error is harmless because the contradiction between Dr. Lyons's medical statement and her treating notes sufficiently supports his determination to give the medical statement little weight. See Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (affirming denial of benefits where the ALJ erred in pain evaluation because "he would have reached the same result notwithstanding his initial error").

5

However, this does not mean that an ALJ must discuss every piece of evidence considered in his opinion. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam); Anderson v. Bowen, 868 F.2d 921, 924 (7th Cir. 1989). The record here strongly suggests that the ALJ considered Dr. Blackmer's evaluation even if he did not specifically mention it in his opinion. The ALJ's hypothetical question posed to the VE contains an almost verbatim recitation of Dr. Blackmer's findings, indicating that the ALJ considered and incorporated some of Dr. Blackmer's findings in his analysis. (See R. at 157, 250.) Not withstanding this, plaintiff faults the ALJ for failing to explicitly assign the weight he assigned to Dr. Blackmer's report. The magistrate judge found that the ALJ did assign a weight to Dr. Blackmer's report by stating that he gave great weight to the medical experts from the North Carolina Disability Determination Services ("DDS") because their opinions were consistent with the evidence of record. (R. at 25.) Plaintiff, however, argues that Dr. Blackmer is not one of the DDS medical experts on which the ALJ relied. Plaintiff's argument here is contradicted by the record before this court. The caption of Dr. Blackmer's report clearly states "North Carolina Department of Health and Human Services Disability Determination Services." (R. at 155.) Perhaps Dr. Blackmer is not employed directly by DDS, but in this instance he obviously prepared a report for, and filed that report with DDS. Plaintiff's apparent argument that Dr. Blackmer is not a DDS medical expert in this case in spite of this fails. This court accordingly finds that the ALJ's statement that he gave great weight to the opinions of the DDS medical experts in this case includes the opinion of Dr. Blackmer. As such, the ALJ indicated the weight he assigned to Dr. Blackmer's opinion. Plaintiff's objection on this issue is therefore overruled.

Next, plaintiff makes two objections to the ALJ's determination of plaintiff's RFC. First, plaintiff contends that the ALJ committed reversible error by stating plaintiff's RFC in minimum

6

terms instead of maximum terms. Second, plaintiff argues that the ALJ used an impermissibly vague question to the VE as the basis for his RFC determination. Neither of these objections is persuasive.

First, it is true that the ALJ appears to have mistyped his RFC finding, stating that "the claimant would also be able to . . . maintain attention and concentration for <u>more than</u> 2 hours in an 8-hour work day." (R. at 25 (emphasis added).) "Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis." SSR No. 96-8p, 1996 SSR LEXIS 5 (SSR 1996). Had the ALJ properly formulated his RFC in this matter, it likely would have read: ""the claimant would also be able to . . . maintain attention and concentration for <u>no more</u> than 2 hours in an 8-hour work day." Plaintiff contends that this improper phraseology used by the ALJ constitutes reversible error. This court disagrees.

The ALJ here found that plaintiff had an RFC to perform "light work" with some additional limitations. These limitations were expressed more thoroughly in the ALJ's hypothetical question posed to the VE, and were directly based on the findings of medical experts the ALJ found to be credible. The ALJ's misstated RFC is apparently derived, almost verbatim, from the RFC assessment performed by Dr. Elizabeth Anton, who found that plaintiff "would be able to maintain attention and concentration for more than 2 hours in an 8-hour workday." (R. at 174.) A claimant's RFC is used to determine two things: (1) whether the claimant can continue to perform his previous job; and (2) whether the claimant can perform any other jobs that exist in significant numbers in the national economy. See SSR No. 96-8p, 1996 SSR LEXIS 5 (SSR 1996). The ALJ fount that, based on plaintiff's RFC, he could not perform his previous work. Therefore, the ALJ's misstatement did not adversely affect plaintiff at this stage of the evaluation. In determining whether plaintiff could

Case 2:08-cv-00009-FL   Document 22   Filed 03/24/09   Page 7 of 10

perform other jobs, the ALJ relied on the answers provided by the VE in response to a hypothetical question. The ALJ's hypothetical question incorporated plaintiff's concentration-based limitations in terms that suggested the maximum plaintiff was capable of doing, and the VE responded accordingly. No different result would have resulted had the ALJ correctly stated plaintiff's RFC in maximum terms in his written opinion. As such, this court finds the ALJ's error here to be harmless and plaintiff's objection on this point is overruled. See Mickles, 29 F.3d at 921.

Plaintiff's other objection to the ALJ's basis for his RFC determination is that the ALJ used impermissibly vague terms in his question to the VE. Specifically, plaintiff objects to the ALJ's inclusion of the phrase "may have some problems with some of the social interaction especially accepting criticism, and may have some problems with adaptive functioning." (R. at 250.) Plaintiff contends that the ALJ failed to specify the meaning of "some problems" and "adaptive functioning" in his question to the VE.

The ALJ has "some discretion to craft hypothetical questions to communicate to the vocational expert what the claimant can and cannot do." Fisher v. Barnhart, 181 Fed. Appx. 359, 364 (4th Cir. 2006) (unpublished opinion). Hypothetical questions should "adequately reflect" the plaintiff's residual functional capacity as found by the ALJ and supported by sufficient evidence, id. (citing Johnson v. Barnhart, 434 F.3d 650, 659 (4th Cir. 2005)), and "fairly set out all of claimant's impairments." Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). The key to a valid hypothetical question posed to a vocational expert is that "it is the claimant's functional capacity, not his clinical impairments, that the ALJ must relate to the vocational expert." Fisher, 181 Fed. Appx. at 364. Valid hypothetical questions need not include precise clinical definitions of a claimant's medical impairments. Id. at 365; see also England v. Astrue, 490 F.3d 1017, 1023 (8th Cir. 2007) (noting

8

that a "hypothetical need not frame the claimant's impairments in the specific diagnostic terms used in the medical reports, but instead should capture the concrete consequences of those impairments" (internal quotations omitted)). The ALJ's hypothetical question here satisfies these requirements. The limitation that plaintiff may have "some problems" with social interaction and adaptive functioning may not be a medically precise term of art. However, it adequately communicates to the VE that the claimant may have difficulty in these areas of functioning in the work world. Plaintiff's potential problems with social interaction and adaptive functioning do not lend themselves to easy qualification or expression. The ALJ's question captures the necessary information – namely that plaintiff may have difficulties with social interaction and adaptive functioning in his work life – and communicates it to the VE. Consequently, the ALJ's hypothetical question was adequate and the plaintiff's objection on this point is overruled.

Plaintiff's final objection is that the magistrate incorrectly found that the ALJ did not fail to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Plaintiff's primary contention here is that there is a conflict between the ALJ's RFC which limits plaintiff to performing "simple routine repetitive tasks" and the jobs given by the VE in response to the ALJ's hypothetical, all of which require DOT reasoning development level 2. Plaintiff contends that a limitation such as the one here can only correspond to a DOT reasoning development level 1.

Plaintiff cites two district court cases in the Fourth Circuit that support his argument. See Tadlock v. Astrue, 2008 WL 628591 (D.S.C., March 04, 2008); Jernigan v. Astrue, 2008 WL 4772202, (E.D.N.C., October 28, 2008). The magistrate judge, on the other hand, cited the analysis of this issue found in Meissl v. Astrue, 403 F, Supp. 2d 981, 984 (C.D. Cal. 2005). That court found that the rather imprecise framework applicable to disability determinations consisting of two

9

descriptive categories of a claimant's ability to understand and remember things did not map well onto the DOT's more graduated approach. Id. The court also noted the rather absurd result contemplated by plaintiff's argument here – namely that a limitation to anything other than detailed tasks would require a finding that only DOT reasoning level 1 jobs. Id. The Meissl court's approach has found favor with a number of other courts, including another district court in the Fourth Circuit. See Charles v. Astrue, 2008 U.S. Dist. LEXIS 68597, *12 (W.D. La. Aug. 7, 2008) (listing courts that have found limitation of "simple, routine work tasks" to include both level 1 and level 2 DOT jobs); Miller v. Astrue, 2008 U.S. Dist. LEXIS 22347 (S.D. W. Va. Mar. 19, 2008); see also Flaherty v. Apfel, 182 F. Supp. 2d 824, 850-51 (D. Minn. 2001). This court agrees with the magistrate judge and adopts the approach of the Meissl court. The ALJ's limitation of plaintiff to "simple routine repetitive tasks" is not inconsistent with jobs at the DOT reasoning development level 2. Therefore, the magistrate judge correctly found that, because the VE provided one DOT job category on which the ALJ could rely for his finding at step five of the sequential evaluation, any errors made by the VE regarding other jobs suggested were harmless error. See Mickles, 29 F.3d at 921. Consequently, plaintiff's objection on this point is overruled.

## CONCLUSION

For all of the foregoing reasons, plaintiff's objections to the findings of the magistrate judge in the M&R are OVERRULED. Therefore, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion for judgment on the pleadings is DENIED. The clerk of court is directed to close the case.

SO ORDERED, this the 23rd day of March, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge